IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-01101-NYW

JON BERCKMANN,

    Applicant,

v.

JEFF LONG,

    Respondent.

---

## ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") [Doc. 9] filed by Applicant Jon Berckmann ("Applicant" or "Mr. Berckmann") on June 17, 2024.[1]  The Honorable Richard T. Gurley ordered Respondent to show cause as to why the Application should not be granted. [Doc. 23].  Respondent filed a Response to Order to Show Cause, [Doc. 30], and Mr. Berckmann filed a reply, [Doc. 31].

The Court has reviewed and considered the Application, the Parties' briefs, and the pertinent portions of the record in this case.  The Court respectfully concludes that the Application is **DENIED**.

---

[1] Mr. Berckmann filed his first Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on April 22, 2024, [Doc. 1], and the Honorable Susan Prose ordered Mr. Berckmann to cure the deficiencies contained in that application, [Doc. 3].  Mr. Berckmann filed a second Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on May 3, 2024, [Doc. 4], and Judge Prose again directed him to cure the deficiencies contained in the second application, [Doc. 7].  Mr. Berckmann then filed the operative Application on June 17, 2024.  [Doc. 9].

## BACKGROUND

After merits briefing was completed in this action, Mr. Berckmann filed a Demand for Release and/or Ruling, [Doc. 32], and a Motion for Immediate Release, [Doc. 33], each of which sought his immediate release.  The Court denied these two motions as unnecessary and construed them as supplements to Mr. Berckmann's reply, as each motion addressed the merits of the Application.  [Doc. 34].  On June 30, 2025, Mr. Berckmann filed a "Motion for Change of Adress [sic] Motion to Dismiss Any Motion for Dismissal" ("Motion to Dismiss"), in which he informed the Court that he had been moved from the Sterling Correctional Facility to Larimer County Community Corrections and argued that his move did not render this action moot.  [Doc. 35].  The Court ordered Respondent to file a response to the Motion to Dismiss specifically addressing the issue of mootness.  [Doc. 36].  On July 31, 2025, Respondent filed a response to Mr. Berckmann's motion, stating that although Mr. Berckmann was moved to community corrections and "is set to be released to parole in a few weeks . . . neither of these moves deprives this Court of its ability to grant the relief [Mr.] Berckmann requests" and that Respondent "can find no authority under which to reasonably argue that Berckmann's release to either community corrections or parole renders his claim moot."  [Doc. 39 at 3–4].  Because Respondent did not raise the issue of mootness and does not assert that this action is moot, based on the Parties' submissions, the Court does not find that the Application is moot.

Mr. Berckmann is a convicted and sentenced state prisoner.  He previously served multiple concurrent sentences in the Colorado Department of Corrections ("CDOC") in Weld County Case No. 18CR2668, and he was on parole when he committed

2

new crimes in Larimer County Case Nos. 21CR2105 and 21CR2062. [Doc. 30-2]. On April 28, 2022, he was sentenced to four years on each of the new crimes, to run concurrently with any other sentences. [*Id*. at 3, 5]. Mr. Berckmann is currently on parole.[2]

In this habeas corpus action, Mr. Berckmann challenges the calculation of his parole eligibility date ("PED") and his mandatory release date ("MRD") under Colorado law.[3] *See* [Doc. 9]. He asserts three claims for relief: (1) CDOC is using the wrong sentence effective date ("SED") to calculate his MRD, (2) the Colorado Supreme Court's opinion in *Diehl v. Weiser*, 444 P.3d 313 (Colo. 2019), is erroneous, and (3) CDOC is wrongly using different SEDs to calculate his PED compared to his MRD. [Doc. 9 at 2–4].[4] For relief, Mr. Berckmann requests that this Court "rule that Colorado's C.R.S. 17-22.5-101, . . . be used from the initial convictions commence date," that the Court "use [his] earliest S.E.D." on his three concurrently imposed sentences, and that the Court "take the 650 days[] [he] ha[s] been unlawfully incarcerated off of [his] parole of two years." [*Id.* at 4 (emphasis removed)]. Mr. Berckmann also requests monetary damages "for every day [he] was unlawfully incarcerated." [*Id.*].

---

[2] The CDOC online Offender Search identifies Mr. Berckmann's Current Facility Assignment as "Parole – Northeast Region." Colorado Department of Corrections Offender Search, https://www.doc.state.co.us/oss/ (last visited October 7, 2025).

[3] With respect to Mr. Berckmann's PED, Mr. Berckmann has been released on parole. With respect to his MRD, Respondent states, and Applicant does not dispute, that Applicant's MRD is projected to be January 22, 2026, subject to change based on any earned time or other credit. [Doc. 30 at 8–9].

[4] Respondent summarized Mr. Berckmann's claims, [Doc. 30 at 9], and Mr. Berckmann has not disputed this summary of claims, *see* [Doc. 31]. Accordingly, the Court follows the Parties' summary of the claims.

**LEGAL STANDARD**

The Court must construe the Application and other papers filed by Mr. Berckmann liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

Habeas corpus relief is warranted only if Mr. Berckmann "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A § 2241 habeas application is appropriate where the applicant seeks to attack the execution of a sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

**DISCUSSION**

Federal habeas corpus relief is available only where the prisoner is in custody in violation of federal law. *See* 28 U.S.C. § 2241(c)(3); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Federal habeas corpus relief is not available for violations of state law. *See Richmond v. Embry*, 122 F.3d 866, 870 (10th Cir. 1997). Respondent argues that the Application must be dismissed because Mr. Berckmann is challenging the computation of his sentence solely under Colorado state law and is not asserting a cognizable federal claim.

Mr. Berckmann does not argue otherwise. [Doc. 30 at 5–7]. All of Mr. Berckmann's claims assert a violation of state law only, namely, that CDOC, and the Colorado Supreme Court in its opinion in *Diehl*, have misinterpreted Colo. Rev. Stat. § 17-22.5-101. As noted by Respondent, *Diehl* relates to the computation of parole eligibility dates as a matter of Colorado state law and does not address any federal constitutional claims. *Diehl*, 444 P.3d at 316. The Colorado Supreme Court's interpretation of Colorado law is dispositive as to the meaning and application of *Diehl* and is controlling in federal court. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Further, Mr. Berckmann presented his claims in state court, and the Colorado Supreme Court affirmed the district court's ruling that Mr. Berckmann's PED and MRD were calculated in accordance with Colorado law. *See* [Doc. 30-4 at 15, 35]. That determination is binding on this Court. *See Mullaney*, 421 U.S. at 691. Because federal habeas corpus relief is not available for violations of state law, the Application must be dismissed. *See Richmond*, 122 F.3d at 870.

Finally, Mr. Berckmann seeks monetary damages; however, the Court lacks jurisdiction to award damages in a habeas corpus action. *See Preiser*, 411 U.S. at 484 ("[T]he traditional function of the writ is to secure release from illegal custody."). Thus, any request for monetary damages in this action is unavailing.

## CONCLUSION

For the reasons set forth above, the Court finds that Mr. Berckmann is not entitled to relief in this action. Accordingly, it is **ORDERED** that:

5

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 9] is respectfully **DENIED** and this action is **DISMISSED with prejudice** for failure to assert a cognizable habeas corpus claim;

(2) No certificate of appealability shall issue because Mr. Berckmann has not made a substantial showing of the denial of a constitutional right;

(3) Leave to proceed in forma pauperis is respectfully **DENIED** for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Berckmann files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty (30) days in accordance with Fed. R. App. P. 24; and

(4) A copy of this Order shall be sent to:[5]

Jon Berckmann, #132667
Larimer Community Corrections
2255 Midpoint Drive
Fort Collins, CO 80525

DATED: October 7, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[5] Although it appears that Mr. Berckmann has been released from custody and is on parole, he has not filed with the Court a notice of change of address as required by the Local Rules. *See* D.C.COLO.LCivR 5.1(c). Accordingly, the Court delivers this Order to Applicant's last known address.